[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This complaint is a five-count complaint arising from the alleged beating of the plaintiff by a number of Hartford Police officers. The fifth count purports to state a claim for the violation of plaintiff's constitutional rights as set forth in42 U.S.C. § 1983. Defendant has moved to strike this count because it fails to state "a proper Monell claim."
The plaintiff alleges in count five that the acts of the defendants are violative of plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, Ninth andFourteenth Amendments of the United States Constitution and under 42 U.S.C. § 1983 and Section 1988.
The Civil Rights Act states:
 (e)very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983.
(L)ocal governments, like every other Section 1983 `person', by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental `custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1977). Furthermore, a municipality's policy may be inferred CT Page 416 from the omission of its officials as well as their acts. Turpin v. Mailet, 619 F.2d 196, 201 (2d Cir. 1980).
Defendants argue that in order to state a claim under Section 1983, plaintiff must allege a pattern of illegal conduct. The Second Circuit has stated that "a policy could not ordinarily be inferred from a single incident of illegality such as a first arrest . . ." Turpin, 619 F.2d at 202 (emphasis added). "However, a single, unusual brutal or egregious beating administered by a group of municipal employees may be sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to deliberate indifference or `gross negligence' on the part of officials in charge." Id. (citations omitted). The instant case does involve allegations of a severe beating, and the Second Circuit has recognized that there need not always be a series of incidents before a Section 1983 claim can be stated.
"(T)o hold a city liable under Section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).
Defendants are referring to Monell v. New York City Department of Social Services, 436 U.S. 658 (1977), in which the United States Supreme Court held that a municipality can be held liable for civil rights violations claimed pursuant to 42 U.S.C. § 1983.
The plaintiff here has alleged, in paragraph 13, that "(p)rior to the acts described . . . the Hartford Police Department had a long history of police brutality. Defendants (Police Chief and City) had actual knowledge of the high incidence of police brutality . . ., but failed to take appropriate remedial steps to lower the incidence of police brutality and thereby ratified the acts of unprovoked police brutality described above." Taking the allegations in the light most favorable to the plaintiff, he has set out the elements of a Monell claim as stated in Batista, 702 F.2d at 397, and he need not allege a more detailed pattern of illegal conduct under Turpin,619 F.2d at 202. CT Page 417
The motion of strike is accordingly denied.
BY THE COURT, CHARLES D. GILL, JUDGE